IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIS BAIRD, # K-81582, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-826-JPG |
| | ) |
| JAMES M. BERRY, DANA DARNOLD, | ) |
| RUSSELL L. GOINS, | ) |
| BRIAN STAFFORD, | ) |
| and JEFFREY J. MOLENHOUR, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose from a series of events in October 2012.

Plaintiff claims that during a disciplinary hearing on October 7, 2012, Defendant Berry (a correctional officer) violated Illinois Department of Corrections ("IDOC") policy by questioning Plaintiff about the charges and reprimanding Plaintiff (Doc. 1, p. 10). When Plaintiff protested the policy violation, Defendant Berry began cursing and verbally abusing Plaintiff. After the hearing, Defendant Berry followed Plaintiff to his cell and yelled "Now lock the f**k up Boy" (Doc. 1, p. 11). Defendant Berry then slammed the cell door into Plaintiff's back, knocking him into the bed frame and causing him to strain his lower back as he turned around to avoid being hit in the face (Doc. 1, p. 12).

Plaintiff asked Defendant Berry for medical help for his back injury, but Defendant Berry slammed the door again and walked away, continuing to curse Plaintiff. Another officer

responded about five minutes later, after Plaintiff pushed the emergency call button, and took Plaintiff to the Health Care unit. Plaintiff reported Defendant Berry's actions to Defendant Nurse Darnold. In retaliation for Plaintiff's complaint to her, Defendant Berry filed a false disciplinary report, accusing Plaintiff of assaulting him and of insolence (Doc. 1, pp. 14, 18).

Defendant Nurse Darnold examined Plaintiff and gave him thirty 200 mg. tablets of Ibuprofen for his pain (Doc. 1, p. 16). Plaintiff asked to see the doctor, but Defendant Darnold would not allow this. Plaintiff's back continued to hurt for three to seven days, and the Ibuprofen did not help his symptoms.

Plaintiff was called to a hearing on October 15, 2012, on the false disciplinary ticket issued by Defendant Berry (Doc. 1, p. 17). Defendant Goins chaired the adjustment committee. He granted Plaintiff a one-week continuance in order to gather evidence and witness statements. However, Defendant Goins then reconvened the hearing two days early, and conducted this proceeding without Plaintiff being present. Plaintiff was found guilty and given 30 days in segregation and 30 days demotion to C-grade (Doc. 1, p. 18). Upon learning of this action, Plaintiff declared a hunger strike. On October 25, 2012, Defendant Goins granted Plaintiff a new hearing. At its conclusion, Defendant Goins expunged the disciplinary ticket and punishment. However, Plaintiff had already served most of the segregation time.

Despite this vindication, Plaintiff complains that Defendant Goins interfered with his access to the courts, because instead of issuing a new final summary of the disciplinary hearing, he merely altered the original report to show that the matter was expunged (Doc. 1, p. 19). This documentation did not include the evidence Plaintiff submitted, which he needs to have in order to seek civil damages and/or pursue a criminal complaint against Defendant Berry. Further, Defendant Goins did not interview Plaintiff's witnesses as he had requested, thus Plaintiff has no

witness statements to use as evidence. Defendant Molenhour also served on the adjustment committee with Defendant Goins, on October 15, 2012, when the matter was first brought up for a hearing. He also failed to interview any of Plaintiff's witnesses regarding the false charges (Doc. 1, pp. 25-26).

Defendant Stafford (Internal Affairs Supervisor) took no action to investigate Plaintiff's complaints about Defendant Berry's racial harassment or false disciplinary charges (Doc. 1, pp. 23-25).

Plaintiff seeks compensatory and punitive damages. He also filed a motion for preliminary injunction (Doc. 3), seeking an order requiring Defendant Goins to interview Plaintiff's witnesses in reference to the expunged disciplinary report, and provide Plaintiff with a written summary of the interviews.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action against Defendant Berry:

**Count 1:** Eighth Amendment excessive force claim, for slamming the cell door into Plaintiff;

**Count 2:** Eighth Amendment claim for deliberate indifference to Plaintiff's need for medical attention after injuring him with the cell door;

**Count 3:** First Amendment retaliation claim for bringing false disciplinary charges against Plaintiff after Plaintiff complained about the actions in Counts 1 and 2.

However, Plaintiff's remaining allegations fail to state a claim upon which relief may be granted, and shall be dismissed. These consist of claims against Defendant Darnold for deliberate

indifference **(Count 4)**; against Defendants Goins and Molenhour for infringing on Plaintiff's access to the courts, and for any other due process claims arising from the conduct of the disciplinary hearings **(Count 5)**, and against Defendant Stafford for failing to investigate Plaintiff's complaints **(Count 6)**.

## Dismissal of Count 4

Plaintiff asserts that Defendant Darnold's refusal to allow him to see the doctor amounted to deliberate indifference to his medical need for treatment of his injured back. He further complains that the medication she provided (Ibuprofen) was ineffective in relieving his pain.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle,* 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a

> substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

Here, Defendant Darnold examined Plaintiff and promptly gave him medication to treat his pain. Nothing in the complaint suggests that she knew Plaintiff was at risk of serious injury or a worsening of his condition if he was not examined by the doctor or given other treatment. The mere fact that the prescribed medication did not prove to be effective in relieving Plaintiff's pain (which subsided no more than seven days later) does not state a claim for deliberate indifference. *See Duckworth v. Ahmad,* 532 F.3d 675, 680 (7th Cir. 2008). Furthermore, Plaintiff's disagreement with a health care provider's chosen course of treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini*, 352 F.3d at 331; *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only

requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Defendant Darnold's actions do not rise to the level of unconstitutional deliberate indifference. Count 4 shall be dismissed with prejudice.

**Dismissal of Count 5**

Plaintiff characterizes his claims against Defendants Goins and Molenhour as a denial of access to the courts. He argues that because they failed to interview the witnesses to Defendant Berry's verbal racial harassment and slamming Plaintiff with the cell door, Plaintiff was unable to pursue a civil complaint against Defendant Berry because there was no documentation of the witnesses' accounts. He was similarly unable to file a criminal complaint against Defendant Berry for a "racist hate crime" (Doc. 1, pp. 21-22, 26).

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983. The Seventh Circuit uses a two-part test to decide if prison officials have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Here, "meaningful legal papers" refers to the preparation of documents that are required to initiate a lawsuit – namely, the complaint or petition, and other necessary documents such as affidavits. This Court does not read this duty to include a requirement that prison staff must do an inmate's trial preparation for him by interviewing witnesses or preparing ancillary documents such as the witness statements desired by Plaintiff in this case.

Second, in order to state a claim for denial of access to the courts, the inmate must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that the prisoner must have suffered a detriment resulting from illegal conduct that results in actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

In the instant case, Plaintiff has obviously succeeded in bringing this civil action, and his complaint does not describe any actual or potential limitation on his ability to access this forum. Although his status as a prisoner will no doubt present some difficulty, Plaintiff has available to him several discovery tools which may be used to obtain information about or from potential witnesses. See FED. R. CIV. P. 26-37; 45. As to Plaintiff's desire to pursue a criminal complaint against Defendant Berry, none of his allegations indicate that he was prevented from contacting the authorities who might have initiated a criminal prosecution. Defendants Goins and Molenhour have not infringed on Plaintiff's constitutional right to access the courts by their failure to interview Plaintiff's witnesses or provide a report as to what those witnesses observed.

Plaintiff's narrative also includes claims that his due process rights were not observed during the proceedings that ensued after Defendant Berry filed the false disciplinary charges. However, despite the initial guilty finding in the hearing where Plaintiff was not present, the charges and disciplinary punishments were ultimately expunged after Defendant Goins granted Plaintiff a new hearing. This result cured whatever defects may have led to the original discipline, and indicates that Plaintiff, in the end, received all the process he was due (although perhaps not as swiftly as he would have preferred). He thus has no constitutional claim arising

from the conduct of the disciplinary proceedings. Count 5 against Defendants Goins and Molenhour shall be dismissed with prejudice.

**Dismissal of Count 6**

Plaintiff asserts that Defendant Stafford was deliberately indifferent to Plaintiff's right to be free from the cruel and unusual punishment inflicted upon him by Defendant Berry (Doc. 1, p. 23). However, according to the complaint, Defendant Stafford was not even on the scene or aware that Defendant Berry slammed Plaintiff with the cell door or subjected Plaintiff to verbal harassment and racist slurs. Instead, Plaintiff complained about the incident after the fact to Defendant Stafford, and brings this claim against him for failing to investigate or take any action to discipline or reprimand Defendant Berry.

In order to be held individually liable in a civil rights action, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's complaint demonstrates that Defendant Stafford was not personally involved in Defendant Berry's alleged misconduct. Instead, Defendant Stafford was asked by Plaintiff to respond to his complaint over the incident and take appropriate action. However, the alleged mishandling of complaints or grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Under this authority, Defendant Stafford's failure to investigate Plaintiff's complaints will not support an independent constitutional claim. Count 6 shall therefore be dismissed with prejudice.

**Pending Motion for Preliminary Injunction (Doc. 3)**

Plaintiff's motion for preliminary injunction asks this Court to order Defendant Goins or some other staff member with investigative responsibility to interview Plaintiff's witnesses regarding the incident with Defendant Berry, and issue a written summary report (Doc. 3, p. 3). As noted above, Plaintiff's constitutional rights were not violated by Defendant Goins' failure to conduct these interviews. The claims related to this failure shall be dismissed, as will all the Defendants other than Defendant Berry. The Court will not order any action to be performed by a dismissed Defendant. Further, it is Plaintiff's responsibility to investigate and develop evidentiary support for his legal claims. The Court expects that Defendant Berry will respond to any properly submitted discovery requests. There are no grounds to enter a preliminary injunction against him at this time. Therefore, the motion for preliminary injunction is **DENIED.**

**Disposition**

**COUNTS 4, 5, and 6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **DARNOLD, GOINS, STAFFORD,** and **MOLENHOUR** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendant **BERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 4, 2013**

                *s/J.Phil Gilbert*
                United States District Judge