UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIS BAIRD,

    Plaintiff,

v.

JAMES M. BERRY, DANA DARNOLD, RUSSELL L. GOINS, BRIAN STAFFORD and JEFFREY J. MOLENHOUR,

    Defendants.

Case No. 13-cv-826-JPG-PMF

## **MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Plaintiff Willis Baird signed his complaint on August 9, 2013, and it was received and docketed on August 12, 2013 (Doc. 1). The Court allowed the plaintiff to proceed without prepayment of fees and assessed an initial partial filing fee of $2.66 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 5). The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. The plaintiff began that period with a balance of $4.28 and ended with a balance of $0.17 and a debt of $34.77 to the prison for library and legal postage services, effectively a negative balance of $34.60.

    The plaintiff made no payments toward the initial partial filing fee assessed. On April 17, 2014, Magistrate Judge Philip M. Frazier ordered the plaintiff to pay the assessed fee or show that he had no assets and no means to pay that sum on or before May 19, 2014 (Doc. 12). The plaintiff responded to that order by submitted a trust fund account statement for the period ending January 17, 2014. That statement shows that since filing the case, the plaintiff received at least $58.02 in deposits from his prison job, and he spent substantial sums on the library and legal postage, leaving him with balance of $9.76 and a debt of $203.56 to the prison for library and legal postage

services, effectively a negative balance of $193.80.

While it is unclear whether, at the time the plaintiff originally filed this lawsuit, he was capable of paying $2.66 to the Court – he had a negative balance because of prior expenditures – once he filed this suit, he received sufficient funds to pay off his negative $34.60 balance *and* the $2.66 assessed fee. Instead, he chose to spend it on legal postage and library services. That the plaintiff made the financial decision to spend his money and not to save it to pay for this lawsuit is a decision the plaintiff must live with. If a prisoner's account has ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997); *see also Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (if prisoner is unable to pay because he intentionally depleted his account to avoid payment, court may dismiss case). "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

Because the plaintiff had the assets and the means to pay the initial partial filing since he filed this case but chose to spend his money elsewhere, clearly he is "at fault" for failing to pay the initial partial filing fee in a timely manner, and the Court may dismiss this case. *See Thomas*, 745 F.3d at 312. However, rather than dismissing the case at the present time, the Court will give the plaintiff additional time to pay the balance of the fee due and will stay this case in the meantime.

Accordingly, the Court:

- **ORDERS** that the plaintiff shall have up to and including June 30, 2014, to pay the initial partial filing fee of $2.66;

- **STAYS** this case until further order of the Court; and

- **WARNS** the plaintiff that if he does not pay the initial partial filing fee of $2.66 by June 30, 2014, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED:   May 28, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
