UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIS BAIRD,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES M. BERRY, DANA DARNOLD, RUSSELL L. GOINS, BRIAN STAFFORD and JEFFREY J. MOLENHOUR,<br><br>        Defendants. | Case No. 13-cv-826-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. On May 28, 2014, the Court noted that plaintiff Willis Baird had failed to pay the initial partial filing fee of $2.66 assessed at the outset of this litigation pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 14). The Court further found that Baird had received sufficient funds since filing this lawsuit to pay that fee plus any money he owed to the prison for library and legal postage services. The Court gave Baird up to June 30, 2014, to pay the $2.66 initial partial filing fee, stayed this case pending receipt of the fee, and warned Baird that if he did not pay fee by June 30, 2014, the Court would dismiss this case without prejudice. Baird admits he received the Court's order around June 10, 2014, yet he has made no payments toward satisfying the initial partial filing fee.

Since then, Baird has filed a series of motions asking the Court to reconsider imposition of the initial partial filing fee, to lift the stay of this case, and to allow him more time to pay the assessed fee in light of the mistreatment he alleges he has suffered from prison officials (Docs. 15, 16, 17 & 18).

As for his request to reconsider assessment of the initial partial filing fee, the Court does not have the authority to do so. The fee is required by statute, and the Court has no discretion to

refrain from assessing the required fee.

As for Baird's request to lift the stay of this case, the Court declines to do so. Litigants who file suits are obligated to pay filing fees to support the operations of the Court. The Court has limited time and resources, and it is inclined to spend them resolving cases brought by plaintiffs who pay their filing fees.

As for an extension of time to pay, the Court has already been very generous in allowing Baird a reasonable opportunity to pay his fee. The fee was assessed in September 2013, almost a year ago (Doc. 5). The Court allowed the suit to proceed despite Baird's failure to pay right away. Magistrate Judge Frazier then set a deadline of May 19, 2014 (Doc. 12), but Baird again failed to make any kind of payment. The Court then set a new deadline of June 30, 2014 (Doc. 14), but Baird still failed to pay anything. The Court refrained from dismissing this case immediately, giving Baird some leeway to come up with the required funds. Still, as of today, he has paid nothing despite knowing of his obligation to pay since last September. Enough is enough. Baird throws out the prospect that he could get a friend or family member to pay the $2.66, but he should have thought of that earlier.

For the foregoing reasons, the Court **DENIES** Baird's motions (Docs. 15, 16, 17 & 18), **DISMISSES** Count 1 (excessive force against Berry), Count 2 (deliberate indifference to medical need against Berry) and Count 3 (retaliation against Berry) **without prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 7, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**